18286—The State of Ohio v. George J. J. McKay, alias George Montgomery, alias S. D. Kennedy; motion for leave to file petition in error to the Court of Appeals of Cuyahoga county to certify its record. E. C. Stanton and Walter J. Krewson, Cleveland, for the plaintiff; T. J. Ross and O. D. Eshelman, Cleveland, for defendant.

#### January 2

18287—The City of Lakewood, a municipal corporation, v. The Public Utilities Commission of Ohio and W. P. Kaiser; error to the Public Utilities Commission of Ohio. R. G. Curren, Cleveland, for plaintiff; C. C. Crabbe, Atty. Gen., and J. W. Bricker, Columbus, and Clayton W. Tyler, Cleveland, for defendants.

18288—Harry Burstein v. Mary Vzinsky and Kostantia Vzinsky; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Goldhamer & Copeland, Cleveland, for plaintiff; A. L. Steuer, Cleveland, for defendants.

18289—The Pennsylvania Railroad Co. v. Elizabeth May Elliott; motion for an order directing the Court of Appeals of Mahoning county to certify its record. Harrington, De Ford, Huxley & Smith, Youngstown, for the plaintiff; E. H. Moore, Fred Heim and J. G. Matthews, Youngstown, for defendant.

18290—Reece Watkins v. The State of Ohio; motion for leave to file petition in error to the Court of Appeals of Lawrence county. Irish & Riley, for plaintiff; W. L. Elkins, Pros. Atty., for defendant.

18291—Lonsdale Manufacturing Co. v. Louis M. Ascherenka; motion for an order directing the Court of Appeals of Hamilton county to certify its record. W. B. Mente, Cincinnati, for the plaintiff: Leonard H. Freiberg, Cincinnati, for defendant.

#### January 3

18292—J. B. Frastick v. William J. Lochner; motion for an order directing the Court of Appeals of Lawrence county to certify its record. Blair & Blair, Portsmouth, for plaintiff; Corn & Roberts, Ironton, for defendant.

18293—The Board of Education of Walnut Rural School District of Gallia County, Ohio, v. James M. Drummond and David S. Bostick, Fred Klages, Heber and Albert Wright: motion for an order directing the Court of Appeals of Gallia county to certify its record. H. C. Johnston and A. M. Barlow, Gallipolis, for plaintiff.

18294—In re Estate of Michael Goldsmith, decd., and F. J. Jontzen, Administrator de bonis non with the will annexed of the Estate of Michael Goldsmith, decd., v. Grayce M. Goldsmith; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. D. M. Bader, Cleveland, for plaintiffs; O. J. Zinner, S. M. Wittenberg and Edw. G. Krause, Cleveland, for defendant.

## OHIO COURTS OF APPEAL
### Current Cases

#### No. 22
#### HARRINGTON v. FRISCH

Ohio Appeals, 9th Dist., Summit County
No. 702. Decided March 1, 1923

480.   EVIDENCE—Verdict against owner of truck left by driver at other than usual place, reversed on weight of evidence though scintilla rule properly submitted to jury.

FUNK, P. J.

##### Epitomized Opinion
First Publication of this Opinion

This action was brought in Summit Common Pleas and the parties to it were in the inverse to their appearance above, Amelia Frisch being the plaintiff and M. E. Harrington, doing business as the "Falls Ice Co., the defendant, and reference to them herein as plaintiff and defendant, is to them in the trial court.

Harrington's truck was standing after nightfall without lights in the road at Stow Corners. Plaintiff's automobile struck the truck and plaintiff was injured. Miller, Harrington's driver of the truck, had finished work for the day and then had driven to Stow Corners, a place where he had never driven the truck before, and where defendant company did not customarily do business.

The only testimony offered by plaintiff to show that Miller was on an errand for his employer was the answer of Miller to the question as to what if anything he did after he finished work, as follows: "Well, I went out and tried to get this order."

The testimony produced by defendants was that Miller, after he left the truck, went past the place of the man whom it was said he was going to see, without any attempt to see him, that he did not inform defendant that the truck had broken down and that he disappeared for several days and on his return was arrested by a policeman to whom he said he was "boozed" and was hunting "booze" when the truck broke down. In the Common Pleas there was a verdict and judgment for plaintiff. Defendant prosecuted error. The Court of Appeals held:

Under the scintilla rule the trial court properly left it to the jury to say whether Miller was acting within the scope of his employment at the time he left the truck. But this court is of the opinion that the verdict of the jury was clearly and manifestly against the weight of the evidence on that point. Judgmen of the Common Pleas reversed.

Attorneys—Wilcox, Berk, Coble & Berk, Akron, for Harrington; Sheck, Lahrmer, Stevens & Harley, Akron, for Frisch.